Deaderick, J.,
delivered the opinion of the Court.
This is an action on .a note for $400, due the 25th of December, .1860, and executed by the defendant, as surety of McBride. The Statute of Limitations, of six years, was relied upon as a defense to the action.
*785 Payments were made by McBride and endorsed on the note as follows: July 11, 1861, $100; Nov. 15,. 1863, $75; January 10, 1866, $50; March 15, 1866,. $100.
Suit was brought upon the note, against Wilson only, on the 30th of October, 1872, before a Justice-of the Peace of Weakley county, and judgment was-rendered by him in favor of the defendant.
The plaintiff appealed to the Circuit Court; and the-parties, waiving the intervention of a jury, submitted the matter in controversy to the Court, and judgment was rendered in favor of the defendant, from which the plaintiffs have appealed to this Court.
For the plaintiffs, it is insisted that the judgment is erroneous for two reasons:
1. That although the suit was not instituted until after the lapse of six years from the time it fell due, exclusive of the time between the 6th of May, 1861,. and the 1st of January, 1867; yet the note had been placed in the hands of an officer, with instructions to-bring suit, before the same should be barred; and that the defendant requested delay until he could write to McBride, the principal, promising to take no advantage of the delay thus granted.
Although there is some conflict in the testimony upon this point, we are of opinion that the weight of it is, that the debt was barred by the Statute of' Limitations of six years, before the request for delay to sue was made.
2. It is next insisted that the several payments-made before the bar of the Statute attached, amounted *786 -to a recognition of the validity of the whole debt, claimed or sued for, and a promise to pay it; or arrested the operation of the Statute, up to the time •of the last payment.
"We do not understand that the fact of payment :alone, without other acknowledgment or promise, •amounts to anything more than an acknowledgment •of indebtedness to the extent of such payment. And this we understand to be the rule, whether the bar of the Statute be complete, or otherwise, at the time of such payment.
We are of opinion, therefore, that there was no •error in the judgment of the Circuit Judge, and .affirm it.